Chief Judge Fuld (dissenting).
The critical fact in this case stands undisputed. An important witness for the prosecution blatantly and persistently lied when, on cross-examination, he testified that he had received no promises of leniency in return for his testimony against the defendant, and the trial prosecutor, knowing full well that the witness was lying, stood silently by without telling the court or jury the truth. Such conduct, in my view, is indefensible and demands that the requested writ of coram nobis be granted and a new trial ordered. (See, e.g., People v. Savvides, 1 N Y 2d 554, 556-557; People v. Mangi, 10 N Y 2d 86, 89; People v. Adams, 21 N Y 2d 397, 402; Napue v. Illinois, 360 U. S. 264, 269-270.)
That the witness apparently told the defendant, prior to the trial, that he had been promised leniency and that he had passed *404 such information on to his lawyer can hardly justify or condone the prosecutor’s silence. The defendant and his attorney—in view of the witness’ repeated and categorical testimony to the contrary in the very presence of the prosecutor—may well have been led to believe that the witness was lying when he informed the defendant that the district attorney had promised him leniency. In any event, and this is crucial, defense counsel and his client were assuredly entitled to rest upon the certainty that, if the witness was testifying falsely on so vital a matter, the prosecutor himself would speak out and set the record straight.
In People v. Savvides (1 N Y 2d 554, supra), this court unequivocally announced the principle to be applied in situations such as this (pp. 556-557):
“ The administration of justice must not only be above reproach, it must also be beyond the suspicion of reproach. The prosecutor should have corrected the trial testimony given by [the witness] and the impression it created. * * * His failure to do so constitutes 1 error so fundamental, so substantial, ’ that a verdict of guilt will not be permitted to stand. (People v. Creasy, 236 N. Y. 205, 221.)
“It is of no consequence that the falsehood bore upon the witness ’ credibility rather than directly upon defendant’s guilt. A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth. Nor does it avail respondent to contend that defendant’s guilt was clearly established or that disclosure would not have changed the verdict. The argument overlooks the variant functions to be performed by jury and reviewing tribunal. ‘ It is for jurors, not judges of an appellate court such as ours, to decide the issue of guilt.’ (People v. Mleczko, 298 N. Y. 153, 163.) *• * * That the district attorney’s silence was not the result of guile or a desire to prejudice matters little, for its impact was the same, preventing, as it did, a trial that could in any real sense be termed fair.” (Emphasis supplied.)
*405 What we declared in Savvides should not, in this case, be watered down one drop or changed one tittle. When a prosecutor realizes that his witness is perjuring himself — even if he believes that the defendant also knows that the witness has spoken falsely—he should immediately and forthrightly step forward and expose, the lie. A regard for the rigid standards of honesty and fair dealing imposed upon prosecutors requires no less. It is upon their “ 1 conscience and circumspection ’ ” that our criminal justice system depends. (United States v. Dotterweich, 320 U. S. 277, 285.)
The order appealed from should be reversed and a new trial ordered.
Judges Burke, Breitel, Jasen, Gabrielli and Wachtler com cur with Judge Jones; Chief Judge Fuld dissents and votes to reverse in a separate opinion.
Order affirmed.